# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMY BENJAMIN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>OXFORD HEALTH INSURANCE, INC.,<br><br>　　　　　Defendant. | CIVIL ACTION NO.<br>3:20-cv-468<br><br><br><br><br><br><br><br><br>April 6, 2020 |

# COMPLAINT

## For Breach of the Employee Retirement Income Security Act of 1974; Enforcement and Clarification of Rights; Prejudgment and Postjudgment Interest; and Attorneys' Fees and Costs

Plaintiff AMY BENJAMIN herein sets forth the allegations of her Complaint against Defendant Oxford Health Insurance, Inc.

## PRELIMINARY ALLEGATIONS

1.　　Jurisdiction: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining

benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, and attorneys' fees and costs.

2. Plaintiff is a resident of the Town of Westport, located in Fairfield County in the State of Connecticut. Thus, venue is proper in this judicial district pursuant to 29 U.S.C § 1132(e)(2).

3. Plaintiff was at all relevant times a covered beneficiary under the Techstyle Contract Fabrics Freedom PPO medical benefit plan (the "Plan"), an employee welfare benefit plan regulated by ERISA and pursuant to which Plaintiff is entitled to health care benefits.

4. Health benefits under the Plan are insured and administered by Defendant Oxford Health Insurance, Inc. ("Oxford" or "Defendant"). Plaintiff is informed and believes that Oxford is a corporation with its principal place of business in Trumbull, Connecticut, authorized to transact and transacting business in this judicial district, and can be found in this district.

## FIRST CLAIM FOR RELIEF AGAINST
## DEFENDANT FOR DENIAL OF BENEFITS

5. Plaintiff incorporates by reference paragraphs 1 through 4 as though fully set forth herein.

6. On or about July 24, 2014, Plaintiff was admitted to Caron Renaissance ("Caron"), a facility that treats behavioral and mental health disorders.

7. Plaintiff submitted a claim for benefits under the Plan for her treatment at Caron to the Plan's insurer, Oxford.

8. Oxford denied Plaintiff's claim on the ground that she had not received preauthorization for her treatment as allegedly required by the Plan.

9. On or about December 18, 2014, Plaintiff appealed this decision. Plaintiff informed Oxford that she had been told that she was responsible for $500 and was covered for her stay at Caron.

10. On or about February 24, 2015, Oxford denied Plaintiff's appeal. Again, Oxford stated that Plaintiff's claim was not covered because she had not complied with the Plan's preauthorization provisions. Oxford further stated that its decision "does not reflect any view about the appropriateness of this service(s)."

11. On or about April 17, 2015, Plaintiff submitted a second-level appeal to Oxford. In her letter, Plaintiff quoted, and attached a copy of, the Plan provisions regarding preauthorization. Specifically, the out-of-network benefit rider to the Plan provided, "If you fail to seek Our Preauthorization for benefits

3

subject to this section, We will pay an amount $500 less than We would otherwise have paid for the care, or We will pay only 50% of the amount We would otherwise have paid for the care, whichever results in a greater benefit for you."

12. On or about May 21, 2015, Oxford denied Plaintiff's second-level appeal. Oxford contended that it had "carefully reviewed the documentation submitted, our payment policies and the limitations, exclusions and other terms of your Benefit Plan, including any applicable Riders, Amendments, and Notices."

13. However, Oxford upheld its prior decision, again on the ground that Plaintiff had not complied with Plan provisions. Again, Oxford stated that its "administrative decision does not reflect any view about the appropriateness of this service(s)."

14. Plaintiff filed suit in this Court on March 10, 2016, alleging claims for relief under ERISA against Oxford. *Benjamin v. Oxford Health Ins., Inc.*, Case No. 3:16-cv-00408 (CSH) (D. Conn.). That action was originally assigned to the Honorable Alvin W. Thompson, but was reassigned on September 12, 2017 to the Honorable Charles S. Haight, Jr.

15. In a July 19, 2018 order Judge Haight issued a ruling on the parties' cross-motions for summary judgment. In his order, Judge Haight granted Plaintiff's motion for summary judgment in part, and granted Oxford's partial motion for summary judgment. Docket No. 76.

16. The result of this order was that Plaintiff's claim for benefits was remanded to Oxford for a "full and fair" examination of her claim in the first instance. *Id.* at 22.

17. Judgment was entered by the Court on January 10, 2019. Docket No. 90.

18. On remand, Oxford determined in a July 2, 2019 letter that benefit coverage was not available because it allegedly was not medically necessary under the Optum 2014 Level of Care Guidelines for Mental Health Hospitalization.

19. Plaintiff appealed this decision in an August 29, 2019 letter.

20. On September 13, 2019, Oxford denied Plaintiff's appeal, again alleging that the treatment she received was not medically necessary under the Optum 2014 Guidelines.

21. On November 19, 2019, Plaintiff submitted a second-level appeal to Oxford.

22. On December 2, 2019, Oxford declined to review Plaintiff's second-level appeal on the merits and responded that Plaintiff had "exhausted all available internal appeal/grievance options."

23. On January 23, 2020, Plaintiff wrote to Oxford and informed Oxford that the Plan allowed for two levels of internal appeals, and requested that Oxford process Plaintiff's second-level appeal as set forth in her November 19, 2019 letter.

24. On January 30, 2020, Oxford informed Plaintiff once again that it was Oxford's position that all internal appeals had been exhausted.

25. Because Oxford has refused to pay for her treatment, Plaintiff incurred the cost of her treatment at Caron from July 24, 2014 through the date of her discharge on October 3, 2014.

26. Defendant wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

(a) Failure to pay medical benefit payments due to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

(b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of the claims for medical benefits;

(c) After the claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect the claims along with an explanation of why such material is or was necessary;

(d) Failure to pay for the level of care which Defendant determined was medically necessary;

(e) Failure to properly and adequately investigate the merits of the claims and/or provide alternative courses of treatment;

(f) Failure to provide for a second-level appeal as allowed by the Plan; and

(g) Applying claim guidelines that are inconsistent with the terms of the Plan and generally accepted standards of mental health care, see *Wit v.*

*United Behavioral Health*, No. 14-CV-02346-JCS, 2019 WL 1033730 (N.D. Cal. Mar. 5, 2019).

27. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

28. Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on her part to be performed.

29. As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of all of the medical bills incurred, in a total sum to be proven at the time of trial.

30. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

31. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights under the terms of the Plan.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT FOR EQUITABLE RELIEF

32. Plaintiff refers to and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33. As a direct and proximate result of the failure of Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

(a) Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate;

(b) A mandatory injunction requiring Defendant to immediately qualify Plaintiff for medical benefits due and owing under the Plan; and

(c) Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff as participant under the Plan.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant Oxford as follows:

1. Payment of health insurance benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

4.     For such other and further relief as the Court deems just and proper.


DATED:  April 6, 2020              FOR THE PLAINTIFF:


                                         BY:   /s/ Ian O. Smith
                                                  Ian O. Smith, Esq., ct24135
                                                  Local Counsel
                                                  The Law Office of Ian O. Smith, LLC
                                                  P.O. Box 33
                                                  Tolland, CT  06084
                                                  Phone: (860) 539-2156
                                                  Fax: (860) 896-9279
                                                  e-mail:  iansmithlaw@outlook.com

                                                  Lisa S. Kantor, Esq.
                                                  (Pro Hac Vice Pending)
                                                  Kantor & Kantor, LLP
                                                  19839 Nordhoff Street
                                                  Northridge, CA 91324
                                                  Phone: (818) 886-2525
                                                  Fax: (818) 350-6272
                                                  e-mail: lkantor@kantorlaw.net

                                                  ATTORNEYS FOR PLAINTIFF